UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **STOUT CONRAD L L C** | **CASE NO. 2:24-CV-00171** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KERR-MCGEE OIL & GAS ONSHORE L P** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 23] filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendants Kerr-McGee Oil & Gas Onshore LP and Anadarko US Offshore LLC (collectively, "KMOGO"). Plaintiff Stout Conrad LLC opposes the motion. Doc. 27.

### I.
### BACKGROUND

Plaintiff filed this "legacy"[1] suit, alleging that it is the owner of three tracts of land in Allen Parish, Louisiana, that were contaminated by KMOGO's oil and gas exploration, production, and related activities. Doc. 1; doc. 20. Generally, it alleged that KMOGO constructed and/or operated various oil and gas facilities, such as pits, wells, sumps, flowlines, pipelines, tank batteries, wellheads, measuring facilities, separators, and injection facilities on or near plaintiff's property, which was contaminated as a result of

---

[1] "These types of actions are known as 'legacy litigation' because they often arise from operations conducted many decades ago, leaving an unwanted 'legacy' in the form of actual or alleged contamination." *Marin v. Exxon Mobil Corp.*, 48 So.3d 234, 239 n.1 (La. 2010) (citation omitted).

"leaks, spills, and other surface and subsurface discharges" from these facilities. *Id.* at ¶¶ 6–7, 11. Plaintiff raises numerous theories of recovery. *Id.* at ¶¶ 66–137.

KMOGO now moves to dismiss the following claims under Federal Rule of Civil Procedure 12(b)(6), maintaining that plaintiff has not plead sufficient facts to support the following causes of action: (1) breach of Section 34 Lease, (2) breach of express remediation obligations, (3) breach of servitude obligations, (4) civil fruits, (5) unjust enrichment, (6) failure to provide notice under Louisiana Civil Code article 2688, (7) standalone claims under Louisiana Revised Statutes § 30:29 ("Act 312"); (8) fraud; (9) Section 324A of the Restatement (Second) of Torts; (10) strict liability under Louisiana Civil Code article 667; (11) Mineral Code article 11 strict liability claims; (12) continuing tort, continuing nuisance, and continuing trespass; and (13) third-party beneficiary claims.[2] Doc. 23. Plaintiff opposes the motion. Doc. 27.

## II.
## LAW & APPLICATION

### A. Legal Standards

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean*

---

[2] KMOGO also moved to dismiss plaintiff's claim for land loss, subsidence, and the cost of backfilling, but amended its motion to withdraw that request for relief. Doc. 28.

*Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

#### 1. Breach of Section 34 Lease

KMOGO seeks dismissal of plaintiff's claims relating to the Section 34 lease because plaintiff has not alleged that KMOGO ever conducted operations under the lease. Plaintiff agrees to withdraw these claims, subject to its right to amend the complaint if it later determines that KMOGO did conduct operations under the lease. Accordingly, the motion will be granted in this regard and the breach of lease claim will be dismissed without prejudice.

#### 2. Breach of express remediation obligations

KMOGO seeks dismissal of plaintiff's claims for breach of express remediation obligations, arguing that plaintiff has not identified any express restoration obligations in the leases that are applicable to defendants. Plaintiff maintains that these claims are instead

based on KMOGO's implicit obligations under Louisiana law. As the Louisiana Supreme Court set forth in *Marin v. Exxon Mobil Corp.*, the Louisiana Civil Code obliges a mineral lessee to return the leased property "in a condition that is the same as it was when the thing was delivered to him, except for normal wear and tear or as otherwise provided hereafter." 48 So.3d 234, 255–56 (La. 2010). The scope of this obligation has been modified by subsequent legislation to reflect that, absent an express contractual provision, damages may only be awarded up to the amount necessary to remediate the property to state regulatory standards. *Moore v. Denbury Onshore, LLC*, 159 F.Supp.3d 714, 719–21 (W.D. La. 2016), *on reconsideration* 2016 WL 843384 (W.D. La. Mar. 1, 2016) (discussing legislative history). But KMOGO's motion only addresses express remediation provisions of the lease and will be granted in this regard, subject to plaintiff's right to amend if it can develop an appropriate factual basis. Plaintiff has sufficiently set forth that defendant has an implied obligation to restore the property and this claim remains pending before the court.[3]

### 3. Breach of servitude obligations

KMOGO also seeks dismissal of plaintiff's claim for breach of servitude, pointing out that plaintiff has only alleged that KMOGO breached personal and mineral servitudes "to the extent such servitudes exist." Doc. 1, ¶ 37. Plaintiff concedes that it currently lacks

---

[3] Plaintiff stated, in relevant part:
> To the extent defendant's remediation obligations are not expressly set forth in any contract or lease, defendant has a contractual obligation under the applicable oil, gas, and mineral leases, and under the applicable surface or predial leases, and under La. Civ. Code arts. 2683, 2686, and 2692, to restore plaintiff's Property to its original condition, less normal wear and tear. Defendant has failed to satisfy its express contractual obligations, and those implied obligations imposed by operation of law. Plaintiff's Property has been impacted by each defendant's use of the Property under the applicable mineral and surface or predial leases, and such Property has not been restored to its original condition, less normal wear and tear.

Doc. 1, ¶ 26.

a factual basis for this claim but reserves its right to amend if such a servitude is discovered. Accordingly, the motion will be granted as to this claim without prejudice to plaintiff's right to amend.

### 4. Civil fruits

Louisiana Civil Code article 486 provides, in relevant part: "A possessor in bad faith is bound to restore to the owner the fruits he has gathered, or their value, subject to his claim for reimbursement of expenses." La. Civ. Code art. 486. Plaintiff alleges:

> Further, for an undetermined length of time, the defendant has stored toxic pollution and waste in groundwaters and soil underlying the plaintiff's lands. Defendant has derived substantial economic benefits from this storage in that its use of the subsurface of the plaintiff's lands has allowed it to avoid the substantial costs and expenses associated with the proper disposal of this toxic pollution and waste. Thus, plaintiff is entitled to the civil fruits derived from the defendant's trespass, for La. Civ. Code art. 486 provides that a possessor in bad faith is liable for the "fruits he has gathered or their value subject to his claim for reimbursement of expenses." Alternatively, even if storage costs are not technically deemed "civil fruits," plaintiff is entitled to the economic value of said storage, or the value of the rental of said storage.

Doc. 1, ¶ 36. KMOGO seeks dismissal of the claim on the grounds that the alleged economic benefits it derived from this storage are not "civil fruits." The undersigned has rejected such claims before, adopting the conclusion that "avoiding costs is not the same as earning revenues." *Withrow v. Chevron USA Inc.*, 2022 WL 2311707, at *4 (W.D. La. June 24, 2022) (quoting *Alford v. Chevron USA Inc.*, 13 F.Supp.3d 581, 604 (E.D. La. 2014)). Plaintiff attempts to reposition its claim as one based on "profits earned" by KMOGO from its waste storage but this is a distinction without a difference and none of the cases it cites support the position that cost savings from improper waste storage may constitute civil fruits. Accordingly, the motion will be granted in this regard.

### 5. Unjust enrichment

KMOGO next moves to dismiss plaintiff's claim for unjust enrichment, on the grounds that the claim is a remedy of last resort and precluded by plaintiff's pleading of other causes of action. *See* La. Civ. Code art. 2298 (the remedy of unjust enrichment is subsidiary "and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule."). Plaintiff agrees but asks that the claim be dismissed without prejudice, subject to revival if its other claims are found nonviable. However, it is the existence of another cause of action—rather than its likelihood of success or failure—that defines the availability of the remedy. *Garber v. Badon & Ranier*, 981 So.2d 92, 100 (La. Ct. App. 3d Cir. 2008). In other words, "[t]he mere fact that a plaintiff does not successfully pursue another remedy does not give the plaintiff a right to recover under a theory of unjust enrichment." *Pine Grove Elec. Supply Co., Inc. v. Cat Key Constr., Inc.*, 88 So.3d 1097, 1101 (La. Ct. App. 5th Cir. 2012). Accordingly, there is no basis for plaintiff to recover under this theory and the claim will be dismissed with prejudice.

### 6. Failure to provide notice

Plaintiff has also raised a claim for failure to provide notice of the need for repairs, as required of lessees by Louisiana Civil Code article 2688. KMOGO argues that this claim must be dismissed because plaintiff fails to identify the lease in question and whether it was in effect in 2005, when Article 2688 was enacted. Plaintiff argues that, even though the statutory obligation did not exist prior to 2005, "there was a jurisprudentially recognized duty under tort law that applied to mineral and predial leases that preexisted the enactment of Article 2688." Doc. 27, p. 23. The court has rejected this argument, however,

and the cases on which plaintiff relies. *See Withrow*, 2022 WL 2311707 at *5. There is no basis for departing from that ruling. Accordingly, the motion will be granted as to this claim without prejudice to plaintiff's right to amend if an appropriate factual basis is developed.

### 7. Standalone claims under Act 312

Plaintiff asserts a claim under Louisiana Revised Statutes § 30:29 ("Act 312") "[t]o the extent plaintiff does not have a right of action under private law to seek the damages claimed in this complaint[.]" Doc. 1, ¶ 48. KMOGO urges the court to dismiss this claim to the extent plaintiff asserts a substantive right to recover under Act 312, noting that the statute expressly provides that it "shall not be interpreted to create any cause of action." La. Rev. Stat. § 30:29(H). In response plaintiff maintains that KMOGO has misconstrued its allegations and that its claims all arise under private law. But the plain language of ¶ 48 speaks for itself. The court agrees that there is no substantive right to recover under the statute and that the motion should be granted to the extent plaintiff is raising any substantive claim under Act 312. *Cf. Withrow*, 2022 WL 2311707 ("Act 312 is not a substantive amendment of the law and does not create a cause of action or divest a plaintiff of any causes of action."). Accordingly, the motion will be granted in this regard.

### 8. Fraud

Plaintiff also raises claims for "fraud, ill practices, and misrepresentation" against KMOGO based on its alleged:

> (1) burying, hiding or actively concealing pollution; (2) failing to inform plaintiff or its predecessors that unlined earthen pits on its Property seeped and leaked; (3) failing to inform plaintiff or its predecessors that the use of unlined pits that seep and leak violate state regulation; (4) failing to inform plaintiff or its predecessors that the failure to remove or remediate

> contamination caused by unlined earthen pits violates state regulation; (5) failing to inform plaintiff or its predecessors that pollution that migrates out of the confines of an unlined earthen pit will continue to migrate, spread and cause further damage to its Property; (6) failing to inform plaintiff or its predecessors of the hazardous and toxic nature of the oilfield pollution on its Property; and, (7) failing to inform the plaintiff or its predecessors that the oilfield practices followed by defendant would result in pollution and property damage.

Doc. 1, ¶ 18. KMOGO maintains that these are "vague and conclusory" allegations that fail to meet the elevated pleading standard for fraud under Federal Rule of Civil Procedure 9(b). It likens this matter to *Alford*, supra, where the court likewise rejected allegations based on the defendants' concealment and misrepresentation regarding their oilfield pollution. 13 F.Supp.3d at 594–95. Other federal district courts in this state have rejected fraud claims based on virtually identical allegations, noting that Rule 9(b) "requires that a plaintiff specifically set forth the 'who, what, where, and how' of the alleged fraud." *Martin v. Tesoro Corp.*, 2012 WL 1866841, at *3 (W.D. La. May 21, 2012) (citing *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 328 (5th Cir. 2003)); *see also Constance v. Austral Oil Expl. Co., Inc.*, 2013 WL 6578178 (W.D. La. Dec. 13, 2013). In cases based on a fraudulent omission, the plaintiff must "plead the type of facts omitted, the place in which the omissions should have appeared, and how the omitted facts made the misrepresentation misleading." *Martin*, 2012 WL 1866841, at *3 (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006)). Plaintiff's allegations do not rise to this level and the motion will be granted in this regard, without prejudice to its right to amend.

### 9. Section 324A of the Restatement (Second) of Torts

The relevant Restatement section provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
> (a) his failure to exercise reasonable care increases the risk of harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A (1965). Arising from a common law doctrine known as the "Good Samaritan Doctrine," this principle "has traditionally been used to impose liability upon an actor who has failed to exercise reasonable care when it undertook to perform a duty owed to a third party." *Bujol v. Entergy Servs., Inc.*, 922 So.2d 1113, 1128–29 (La. 2004). Plaintiff alleges that KMOGO is liable under this section because it "assumed duties owed by [corporate predecessors] to the plaintiff to protect plaintiff and its Property from contamination and harm." Doc. 1, ¶ 20. However, it fails to allege the identity of any such third party or provide any more definite statement on the duty undertaken by KMOGO.

"Courts in this circuit have consistently dismissed claims under Section 324A on similar facts, when plaintiffs fail to allege defendants undertook [any duty] to render services to them."[4] *Watson v. Arkoma Dev., LLC*, 2018 WL 6274070, at *2 (W.D. La. Nov.

---

[4] The undersigned let a similarly vague claim proceed in *Withrow*, 2022 WL 2311707 at *6, pending further factual development. In this matter, however, plaintiff's arguments are inconsistent with plaintiff's assertion that KMOGO's predecessor held the applicable leases and contract during the entire time it operated on the property and with the operator history attached to the complaint. Accordingly, the court sees no basis for permitting the claim to stand.

15, 2018) (collecting cases). Additionally, as KMOGO notes, its own duty as operator to protect the land from harm extended to plaintiff and not to other oil and gas operators. This claim will therefore be dismissed, without prejudice to plaintiff's right to amend if it can develop a sufficient factual basis.

10. **Strict liability under Civil Code article 667**

Plaintiff also asserts claims for strict liability based on KMOGO's allegedly improper handling of ultrahazardous materials under Louisiana Civil Code article 667. This article applies strict liability to landowners or proprietors who caused damage to their neighbors by engaging in ultrahazardous activities. *Morgan Plantation, Inc. v. Tenn. Gas Pipeline Co.*, 2017 WL 4864489, at *5 (W.D. La. Sep. 21, 2017). Under the current version of the article, applicable since 1996, "ultrahazardous activities" is limited to pile driving and blasting with explosives. *Alford*, 2014 WL 1612454, at *19. Under the pre-1996 version, however, an activity is ultrahazardous if it (1) relates to land or some other immovable; (2) is itself the cause of the injury; and (3) does not require substandard conduct to cause the injury. *Morgan Plantation, Inc.*, 2017 WL 4864489 at *5 (citing *Bartlett v. Browning-Ferris Indus., Chem. Svcs., Inc.*, 683 So.2d 1319, 1321 (La. Ct. App. 3d Cir. 1996)). KMOGO argues that (1) any post-amendment Article 667 claims must be dismissed because KMOGO did not engage in pile driving or blasting with explosives, and did not even operate on the property after 1993; and (2) any pre-1996 Article 667 claims must be dismissed because plaintiff's factual allegations do not show that any of KMOGO's work was ultrahazardous.

On post-amendment liability, plaintiff maintains without citation and in clear contradiction of the article's text that liability is not limited to the specified ultrahazardous activities. The court rejects this argument. As for the pre-1996 version of the article, the Fifth Circuit has held that oil and gas exploration activities in general are not ultrahazardous. *E.g.*, *Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 550 (5th Cir. 1987). And indeed, any argument under the third prong is contradicted by plaintiff's negligence allegations as to many of KMOGO's activities. *See Jacques v. Baker Hughes*, 2021 WL 1271027, at *7 (W.D. La. Apr. 6, 2021) ("Because Plaintiffs alleged that their injuries were caused by the substandard care of Defendants – and, importantly, not that the activities *did not require substandard care to cause their injuries* – the third prong fails.") (emphasis in original). But plaintiff has also alleged that KMOGO disposed of oilfield waste in unlined earthen pits. *E.g.*, doc. 1, p. 5. This court has held that storage of hazardous wastes in open pits may qualify as an ultrahazardous activity. *Updike v. Browning-Ferris, Inc.*, 808 F.Supp.3d 538, 543–44 (W.D. La. 1992). Other courts have disagreed, indicating that a hazardous waste disposal facility can be safely operated with due care. *Bartlett*, 683 So.2d at 1322. The court requires a more developed evidentiary record to make this determination and will not decide it on a Rule 12(b)(6) motion. *Accord Watson*, 2018 WL 6274070, at *5; *Tureau v. 2H, Inc.*, 2015 WL 4694072, at *6 (W.D. La. Aug. 6, 2015). Accordingly, the motion will be granted except as to any strict liability arising from pre-1996 waste storage.

11. **Mineral Code article 11 strict liability**

Article 11 of the Mineral Code provides: "The owner of land burdened by a mineral right and the owner of a mineral right must exercise their respective rights with reasonable

regard for those of the other." La. Rev. Stat. § 31:11. Plaintiff asserts that KMOGO is strictly liable under this provision for its failure to "maintain and remediate" the property. Doc. 1, ¶ 49. Strict liability may arise only for activities "considered ultra-hazardous as to the other's right in concurrent use of the land[.]" La. Rev. Stat. § 31:11 at cmt. Both parties adopt their arguments under Civil Code article 667 for these claims, and the court likewise extends its ruling under that section: the motion is granted except as to strict liability arising from waste storage.

### 12. Continuing tort, continuing nuisance, and continuing trespass

Under Louisiana law, to determine whether injurious conduct constitutes a continuing tort, "the court must look to the operating cause of the injury sued upon and determine whether it is a continuous one giving rise to successive damages, or whether it is discontinuous and terminates, even though the damage persists and may progressively worsen." *Marin*, supra, 48 So.3d at 253 (internal quotation omitted). The same standard applies to claims of continuing nuisance and trespass. *Hogg v. Chevron USA, Inc.*, 45 So.3d 991, 1003–06 (La. 2010). Because the doctrine focuses on unlawful acts, rather than the continuation of their ill effects, the "continued migration" of pollution already deposited onto property does not qualify as a continuing tort. *Alford*, 13 F.Supp.3d at 601–02 (citing *Marin*, 48 So.3d at 254). Instead, the tort is only continuing for as long as the defendant actively deposits and stores waste. "Any subsequent inaction is not tortious, but simply a failure to remediate harm previously caused."[5] *Id.*

---

[5] The court allowed continuing tort claims to proceed in *Withrow*, based on an acceptance of plaintiff's interpretation of *Marin*. Upon review of the jurisprudence, the court adopts the analysis from *Alford* and determines that plaintiff's allegations in this matter are insufficient to state a claim for continuing tort.

Plaintiff's continuing tort, nuisance, and trespass claims are all centered on KMOGO's failure to close, i.e. remediate, the open pits. There is no allegation that KMOGO continued to deposit waste into the pits or otherwise impact storage at the site. Instead, it appears that KMOGO ceased operations at the site by 1993 when its predecessor, Sun Oil Company, assigned its interests to McGowan Working Partners. *See* doc. 1, atts. 2 & 3 (Operator History & Lease Abstract). Accordingly, there is no basis for a continuing tort, nuisance, or trespass claim and the motion will be granted in this regard.

### 13. Third-party beneficiary

Finally, plaintiff asserted a claim for third party beneficiary damages for breach of mineral leases or surface leases. Doc. 1, ¶ 27. To this end it claims it is a third-party beneficiary "of the assignments, subleases or other oilfield conveyance instruments, or other contracts or agreements by which the defendant acquired an interest in the oilfield equipment, wells, facilities, or other property at issue," as well as to "the joint operating and unit agreements and other operating agreements pertaining to the Property." *Id.* KMOGO seeks dismissal of this claim, asserting that plaintiff has not identified the contractual language necessary to create a stipulation *pour autrui* under Louisiana law.[6]

In response plaintiff points out that such stipulations have been found in other mineral leases based on language making the lessee responsible for all damages. *See Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp.*, 790 So.2d 93 (La. Ct. App. 3d Cir. 2001); *Andrepont v. Acadia Drilling Co.*, 231 So.2d 347, 351 (La. 1969). It fails to point

---

[6] Under Louisiana law, third-party beneficiary status is conferred by contract through a stipulation *pour autrui*. *Williams v. Certain Underwriters at Lloyd's of London*, 398 F. App'x 44, 47 (5th Cir. 2010) (unpublished).

to any such language in a lease at issue in this matter, however. A stipulation *pour autrui* is never presumed and the party claiming the benefit bears the burden. *Joseph v. Hosp. Svc. Dist. No. 2 St. Mary Par.*, 939 So.2d 1206, 1212 (La. 2006). To this end the plaintiff must show that (1) the contract manifests a clear intention to benefit the third party; (2) there is certainty as to the benefit provided; and (3) the benefit is not merely an incident of the contract. *Brown v. Am. Modern Home Ins. Co.*, 2017 WL 2290268, at *4 (citing *Joseph*, 939 So.2d at 1212–13). In the absence of any contractual language, the court cannot gauge whether plaintiff has met its burden. Accordingly, the claim will be dismissed without prejudice to plaintiff's right to amend.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 23] will be **GRANTED IN PART** and **DENIED IN PART**, with plaintiff's claims for breach of lease, breach of servitude, breach of express remediation obligations, failure to provide notice under Article 2688, fraud, breach of § 324A of the Restatement (Second) of Torts, and third-party beneficiary will be **DISMISSED WITHOUT PREJUDICE** to plaintiff's right to amend if it can develop an appropriate factual basis. The claims for civil fruits; unjust enrichment; any standalone cause of action under Article 312; strict liability under Civil Code article 667 except as to pre-1996 waste storage; strict liability under Mineral Code article 11 except as to waste storage; and continuing tort, continuing nuisance, and continuing trespass will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 30th day of May, 2024.

_[Signature]_
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**